UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

ANGELO DIVITTORIO,

            Plaintiff-Appellant

          v.                              CIVIL ACTION NO.:
                                                  10-11292-EFH

HSBC BANK USA., N.A., as Trustee on behalf
of ACE Securities Corp., Home Equity Loan Trust
and for registered holders of ACE Securities Corp.,
Home Equity Loan Trust, Series 2006-SD1, Asset-
Backed Pass-Through Certificates, OCWEN
LOAN SERVICING LLC, and INDYMAC
FEDERAL BANK,

            Defendants-Appellees.

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **MEMORANDUM AND ORDER**

January 20, 2011

HARRINGTON, S.D.J.

      This is an appeal from a decision of the United States Bankruptcy Court for the District of Massachusetts dismissing an adversary complaint filed by Angelo DiVittorio ("DiVittorio") and, alternatively, awarding summary judgment to HSBC Bank, USA, N.A., as Trustee ("HSBC"). DiVittorio is the debtor in a Chapter 13 Bankruptcy Case. HSBC is the holder of a mortgage originally granted by DiVittorio to IndyMac Bank FSB. DiVittorio sought a rescission of the mortgage based upon violations of the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. Laws ch. 140D, §§ 1-35 ("MCCCDA"), the Massachusetts analog to the Federal Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f.

MCCCDA requires lenders entering into lending transactions to clearly and accurately disclose certain information to borrowers. DiVittorio's complaint alleges that IndyMac committed various violations of the MCCCDA in the disclosures it made prior to the underlying transaction. DiVittorio argues that the disclosures (1) stated an inaccurate Annual Percentage Rate (the "APR") for the loan; (2) failed to make clear and conspicuous disclosures of the APR and finance charges; (3) failed to specify either the period of repayment or dates that the payments were due; and (4) failed to disclose the existence of an initial premium rate.

On July 23, 2009, the Bankruptcy Court issued a Memorandum of Decision (the "Initial Decision"), rejecting DiVittorio's arguments and dismissing the complaint on all counts. On January 21, 2010, this Court remanded an appeal from the Bankruptcy Court's decision, requesting the Bankruptcy Court to reconsider its decision <u>only</u> with respect to the first above-stated argument in light of certain rulings of law, namely that a portion of the Official Staff Commentary to the TILA regulations, 12 C.F.R. pt. 226, para. 17(c)(1)(10)(i) (2009), was in effect at the time of the disclosures and binding. <u>DiVittorio v. HSBC Bank USA, N.A.</u>, 423 B.R. 391, 393 (D. Mass. 2010). On May 28, 2010, the Bankruptcy Court issued a second decision (the "Second Decision") reconsidering the first above-stated argument and reaffirming its initial grant of HSBC's motion to dismiss. The Bankruptcy Court also, alternatively, granted summary judgment in favor of HSBC. <u>DiVittorio v. HSBC Bank, USA, N.A. (In re DiVittorio)</u>, 430 B.R. 26, 55-56 (Bankr. D. Mass. 2010).

After an examination of the appellate record, the Court adopts the reasoning of the Bankruptcy Court in rejecting the first above-stated argument as set forth in the Second Decision and adopts the reasoning of the Bankruptcy Court in rejecting the remaining above-stated

2

arguments as set forth in the Initial Decision. The Court, accordingly, affirms the order granting the Motion to Dismiss on all counts.[1]

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

---

[1] Since the Court affirms the Bankruptcy Court's decision with respect to the Motion to Dismiss, the Court need not decide the issues raised on appeal from the grant of Summary Judgment.